UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-91-DJH

SONJA M. TYSON,                                                                  Plaintiff,

v.

REGENCY NURSING, LLC,                                                       Defendant.

## Memorandum Opinion and Order

Defendant Regency Nursing, LLC ("Regency") has filed a motion to seal its reply (DN 26) to a response filed by plaintiff Sonja Tyson ("Tyson"). In support of its motion, Regency states that its reply refers to Tyson's private health information, and that disclosure of her medical information is prohibited by the Health Insurance and Accountability Act ("HIPAA"). (DN 26, #148.) For the reasons stated below, the Court **DENIES** Regency's motion.

### I. Summary of Facts

In her amended complaint, Tyson alleges that because of Regency's negligence, she suffered "severe injuries including . . . decubitus ulcers, skin breakdown, acute kidney failure, dehydration, sepsis, and urinary tract infection" while a resident at Regency's nursing home. (DN 17, #83.) But as Regency notes in its motion to dismiss, Tyson does not state when exactly she allegedly sustained those injuries, but instead gives a timeframe (2007 to January 11, 2016). (DN 24-1, #118.) This alleged vagueness serves as the basis for Regency's motion to dismiss, as Regency argues that all of Tyson's alleged injuries that occurred before January 11, 2016 are time barred. (DN 24-1.) Regency seeks to seal its reply memorandum, which contains references Tyson's private medical records, pursuant to the privacy provisions contained within

HIPAA. (DN 26, #148.) On January 23, 2018, this Court denied Regency's motion to dismiss. (DN 32.)

## II. Applicable Law

Pursuant to Local Rule 5.7(c), a party wishing to have a document sealed must file a motion requesting that the Court do so if no a federal statute, rule of civil procedure, local rule, or standing order applies. The moving party must state specific reasons why the Court should seal the document and why it deserves protection from public disclosure. *Id*.

## III. Analysis

In support of its motion to seal, Regency merely states that "[Tyson]'s private health information and disclosure of such information is regulated by [HIPAA]." (DN 26, #148.) It does not explain, however, which specific provisions of HIPAA apply in this case.

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). One of the statutory interests is HIPAA, a law designed to ensure the "security and privacy of health information." *Thomas v. 1156729 Ontario Inc.*, 979 F. Supp. 2d 780, 782 (E.D. Mich. 2013). HIPAA's regulations restrict the ability of health care providers to disclose a patient's medical information without the patient's consent. *Id*. (citing *Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004).

But a mere reference to HIPAA does not mean that the Court should automatically grant Regency's motion to seal. On the contrary, plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have

otherwise had. *Kitchen v. Corizon Health, Inc.*, 2017 WL 5197115 (W.D. Mich Nov. 10, 2017) at *2, n. 3 (citing *Simon v. Cook*, 261 Fed. App'x. 873, 886 (6th Cir. 2008)). Moreover, the public has a strong interest in viewing the evidence that courts base their decisions upon, even if that evidence could be deemed privileged or protected. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F. 3d 299, 305 (6th Cir. 2016).

The Court finds that because Tyson has placed her medical condition at issue, she has waived the statutory protections under HIPAA that would normally prohibit the disclosure of her medical records. To recap the factual allegations in this case, Tyson alleges that she suffered specific injuries because of Regency's negligent conduct. (DN 17, #83.) Moreover, this is a diversity jurisdiction case with Kentucky being the forum state, meaning that the Court must apply the substantive law of Kentucky. *Berrington v. Wal-Mart Stores, Inc.*, 696 F. 3d 604, 608 (6th Cir. 2012). To succeed on a negligence claim under Kentucky law, a plaintiff must demonstrate that she suffered an injury because of the defendant's breach of an owed-duty. *Patton v. Bickford*, 529 S.W. 3d 717, 730 (Ky. 2016).

Thus, it is a necessary element of Tyson's case that she demonstrate that she suffered specific injuries because of Regency's breach. Because she has chosen to demonstrate damages via physical injuries, she has placed her physical medical condition at issue. *See Maday v. Public Libraries of Saginaw*, 480 F. 3d 815, 821 (6th Cir. 2007) (finding that the plaintiff placed her mental health at issue, thus waiving the patient-psychotherapist privilege, when she sought emotional-distress damages); *Kubik v. Cent. Mich. Bd. of Tr.*, 2016 WL 9631633 (E.D. Mich. March 17, 2016) at *2 ("This rule [waiver of privilege when party places privileged information at issue] ensures that a party cannot use a privilege as both sword and shield, placing into evidence only those portions of privileged materials which are beneficial, and using the privilege

to hide away those portions which would benefit the opposing parties."). This is the same situation here. Tyson cannot use her alleged injuries as a sword to seek damages from Regency and simultaneously enjoy the shield of HIPAA to prevent public disclosure of her records. Moreover, as Regency filed its reply to support its motion to dismiss several of Tyson's allegations, the Court believes that the public has a strong interest in viewing the evidence on which the Court based its decision to deny Regency's motion.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Regency's motion to seal (DN 26).


cc: Counsel of record